**Blum Vestal JOHNSON and Commie Allen Johnson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 7806.

United States Court of Appeals Fourth Circuit.

Argued April 6, 1959.

Decided April 8, 1959.

Kyle Hayes, North Wilkesboro, N. C., and T. R. Bryan, Wilkesboro, N. C., for appellants.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., North Wilkesboro, N. C., and Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and THOMPSON, District Judges.

PER CURIAM.

Appellants were tried on an indictment, containing the usual counts, charging the operation of an unregistered distillery. Following the presentation of the government's evidence, the defendants moved for a directed verdict of acquittal, which motion the Court overruled. The case was submitted to the jury, the defendants having presented no evidence in their own behalf. The jury returned a verdict of guilty; and the defendants moved to set aside the verdict, which motion was also overruled.

On his appeal, the only question presented is whether the Court erred in overruling the motions of the defendants.

Upon a motion for a directed verdict of acquittal in a criminal case, the test is whether there is substantial evidence which, viewed in the light most favorable to the government, tends to show that the defendant is guilty beyond a reasonable doubt; and the rule is the same whether the evidence is direct or

circumstantial. Linden v. United States, 4 Cir., 1958, 254 F.2d 560; Bell v. United States, 4 Cir., 1950, 185 F.2d 302. In the instant case, although wholly circumstantial, there was clearly sufficient evidence from which a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Although we have closely scrutinized and appraised the sufficiency of the evidence in the case before us, it would serve no useful purpose to detail the evidence here since each decision in this field must be based on the particular facts of the case. See Bell v. United States, supra, at page 310.

On a motion to set aside a verdict and grant a new trial on the ground that it is contrary to the evidence, the trial court is invested with a wide discretion, and his action thereon will not be disturbed in the absence of a showing of an abuse of discretion. Middleton v. United States, 4 Cir., 1957, 249 F.2d 719. In the instant case, there is nothing to indicate such abuse.

Affirmed.