**UNITED STATES of America,
Appellee,**

v.

**Dallas VEAL, Appellant.**

**No. 12421.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 28, 1968.

Decided Oct. 31, 1968.

B. M. Millner, Newport News, Va. (Court-appointed counsel), for appellant (Marshall, Blalock, Garner & Millner, Newport News, Va., on brief).

Alfred D. Swersky, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BOREMAN and BUTZNER, Circuit Judges, and MERHIGE, District Judge.

PER CURIAM:

The appellant was tried and convicted by the district court, sitting without a jury, on three counts of transporting and causing to be transported in interstate commerce, in violation of 18 U.S.C.A. § 2314, certain forged securities (checks) with the knowledge that they had been falsely made and forged.

On appeal the defendant asserts two grounds for reversal: (1) The sufficiency of the evidence as to Veal's knowledge that the checks were forged to support the court's denial of his motion for a judgment of acquittal at the close of the government's evidence; and (2) the sufficiency of the evidence viewed in its entirety to sustain the conviction.

■ With respect to ground (1) we note that this court held in the case of Johnson v. United States, 265 F.2d 496 (4 Cir. 1959):

"Upon a motion for a directed verdict of acquittal in a criminal case, the test is whether there is substantial evidence which, viewed in the light most favorable to the government, tends to show that the defendant is guilty beyond a reasonable doubt; and the rule is the same whether the evidence is direct or circumstantial."

■ The government's evidence in chief disclosed that three bogus, uncollectible checks, each bearing the name of a different and fictitious maker, were negotiated in Virginia by the defendant within a period of a few days; all of these checks were written by one and the same person, as shown by the testimony of a handwriting expert; even though the handwriting expert could not positively identify the defendant as the writer, he could not definitely exclude him; each check was drawn upon a bank in the State of Georgia; each was payable to a corporation and bore the stamped endorsement of the payee; each was cashed by the defendant upon his personal endorsement. That the defendant caused the checks to be transported in interstate commerce was clearly shown.

As in *Johnson,* supra, the evidence here was wholly circumstantial but was "clearly sufficient evidence from which a reasonable mind might fairly conclude guilt [or knowledge that the checks had been falsely made and forged] beyond a reasonable doubt." At 497.

■ Ground (2) is also without merit. After the Government had rested its case the defendant proceeded to strengthen the case against him by giving obviously false and inherently incredible testimony with respect to certain factual issues in an effort to exculpate himself. The evidence, when viewed in its entirety, is clearly sufficient to sustain a finding of guilt. See Helms v. United States, 310 F.2d 236 (5 Cir. 1962).

Affirmed.