UNITED STATES of America, Appellee,

v.

Lewis Ralph DOCKERY, Appellant.

No. 13178.

United States Court of Appeals Fourth Circuit.

Oct. 21, 1969.

W. Alonzo Hoover, Jr., Murphy, N. C. (Court-appointed counsel), on the brief, for appellant.

James O. Israel, Jr., U. S. Atty., and William M. Styles, Asst. U. S. Atty., on the brief, for appellee.

Before WINTER, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM:

Dockery was tried and convicted on a four count bill: possessing an unregistered distillery, operating a distillery without giving bond, fermenting mash on unauthorized premises, and possession of fifty gallons of whiskey on which the tax had not been paid. 26 U.S.C.A. §§ 5173, 5179(a), 5205(a) (2), 5222 (1967). He was fined $300.00 and sentenced to three years imprisonment. His sentence was suspended and he was placed on probation for four years. On appeal he complains that the government (1) failed to sustain its burden of proof sufficiently to allow the case to go to the jury and (2) that the court prejudiced him before the jury by demonstrating impatience with defense counsel and by failing to summarize the defendant's contentions in the same manner it summarized the government's.

The still was found 275 yards from Dockery's trailer, and a path led from the still to the area of the trailer. There was no other path to the still. The end of a hose, with water flowing from it, was found at the still. The hose was buried, and when the officers pulled it up and followed it, it led them as far as the dirt road across from Dockery's trailer. Thereafter it was too deep to pull up, and the officers were forced to leave

because of darkness. When they returned the next morning, they found the hose cut at the spot where it emerged from under the road on the side next to the trailer. A depression in the ground where the hose had been pulled up led to a T joint on a pipeline near the trailer. The pipeline connected a spring to the trailer. There were fresh wrench marks around the outlet on the pipe.

■■ Although the evidence is circumstantial, the rule with respect to direct and circumstantial evidence is the same: that the evidence, viewed in the light most favorable to the government, must tend to prove the defendant's guilt beyond a reasonable doubt. United States v. Veal, 402 F.2d 793 (4th Cir. 1968). We believe that the evidence here is substantial and satisfies the rule. See United States v. Walker, 307 F.2d 250 (4th Cir. 1962).

■ As for defendant's second complaint, we have examined the record and find that the district judge's comments to counsel were innocuous. In support of his allegation of prejudice, the defendant cites us to several questions asked by the trial judge, but these questions did not indicate that the judge was biased. On the contrary, it is obvious that the trial judge was performing his duty to see that the facts are properly developed and the jury is not left in confusion. See United States v. Ostendorff, 371 F.2d 729, 732 (4th Cir. 1967) cert. denied, 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229 (1967).

■ Since the defendant offered no evidence, there was, of course, adequate reason for the trial judge's summary of the governments' case to be longer than his statement of defendant's contentions. See United States v. Harris, 346 F.2d 182, 185 (4th Cir. 1965). The charge was fair and adequate.

The judgment is affirmed.

Affirmed.