**UNITED STATES of America,
Appellee,**

v.

**Cyrus F. JOHNSON, Jr., Appellant.
No. 73–1161.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 20, 1973.

Decided Oct. 2, 1973.

I. S. Leevy Johnson, Columbia, S. C., on brief, for appellant.

John K. Grisso, U. S. Atty., and Michael A. Pulliam, Asst. U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Cyrus F. Johnson, Jr., appeals from his conviction of transporting a stolen motor vehicle in interstate commerce, knowing the vehicle to have been stolen, in violation of 18 U.S.C. §§ 2312 and 2. Johnson contends that the evidence was insufficient to prove (1) that the vehicle was stolen and (2) that he was guilty of aiding and abetting the alleged criminal enterprise.

Henry Hight testified that upon his return to Bayside, New York from a business trip in July, 1970, his 1968 brown Cadillac Coupe de Ville, which he had entrusted to his daughter for the duration of his trip, was missing. Hight stated the vehicle's identification number and testified that only his daughter had been given permission to use the car during July, 1970. Sometime in January, 1971, a 1968 Cadillac bearing the same identification number and containing a Mobil credit card signed by Henry Hight was found by the FBI in Blackville, South Carolina, in the possession of Richard Boatwright, who turned over to an FBI agent three documents in the name of Cyrus Johnson, Jr.: a New York State driver's license; an Alabama license tag receipt for a 1959 Cadillac; and an Alabama license tag receipt for a 1968 Cadillac. The tags corresponding to the latter receipt were found by FBI agent James O'Keefe in the trunk of Johnson's 1959 Cadillac during O'Keefe's first interview with Johnson, which occurred on January 19, 1971.

O'Keefe testified that, on January 27, 1971, Johnson retracted the story he had recounted to O'Keefe during their first meeting and then proceeded to inform O'Keefe that following the theft of a stolen vehicle which he had purchased in April or May, 1970, he told a man named Eddie that he wanted to buy a stolen 1968 Cadillac Coupe de Ville. Eddie made the necessary arrangements, and Johnson acquired the automobile for $350.00. O'Keefe testified further that Johnson told him that Eddie contacted Johnson in January, 1971, and suggested that, in view of the FBI's recent seizure of seven stolen Cadillacs in the New York area, Johnson should arrange to sell the car. Subsequent to this conversation, there occurred a meeting of Eddie, Richard Boatwright, and Johnson, at which it was agreed that Boatwright would drive the car from New York to South Carolina and attempt to sell it to a certain South Carolina used car dealer who was in the practice of purchasing stolen cars. Since the Alabama plates which were on the 1968 Cadillac had expired, they were removed and replaced with current tags which had been on Johnson's 1959 Cadillac. Johnson furnished Boatwright with the Alabama registration for both vehicles, gave Boatwright $45.00 for expenses, and agreed to pay the latter a commission if he was able to sell the car. O'Keefe and David Bittner, a friend of Johnson's, both stated that Johnson told them that he knew that the 1968 Cadillac was stolen at the time he bought it.

Viewed in the light most favorable to the government, this evidence was such that the jury might have found beyond a reasonable doubt that the vehicle was stolen and the Johnson knew that the vehicle was stolen and knowingly associated himself with the plan to transport the vehicle in interstate commerce, and sought by his actions to make the venture succeed. United States v. Sherman, 421 F.2d 198 (4th Cir. 1970); United States v. Dockery, 417 F.2d 330 (4th Cir. 1969).

Accordingly, we dispense with oral argument and affirm the judgment below.

Affirmed.