**UNITED STATES of America,**
**Appellee,**

v.

**Jerry Howard SIMPKINS and Jesse**
**Howard Simpkins, Appellants.**

**No. 73-2509.**

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1974.

Decided Oct. 18, 1974.

Certiorari Denied Feb. 24, 1975.
See 95 S.Ct. 1327.

---

Augustus Anninos, and R. Michael Smith, Norfolk, Va. (Howell, Anninos, Daugherty & Brown, Norfolk, Va., on brief), for appellants.

Hunter W. Sims, Asst. U. S, Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before ADAMS * and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The defendants were tried and convicted on eight counts of transporting stolen motor vehicles and other stolen goods in interstate commerce, knowing same to be stolen, in violation of 18 U. S.C. § 2312 and § 2314. The principal issues raised in this appeal concern their allegations that they were denied a speedy trial, that the district court erred in not requiring the key prosecution witness to divulge names of others involved in the stolen property operation, and that certain remarks made by the court to defense counsel unfairly prejudiced the trial.

The record shows that the original indictment against the defendants was returned on November 8, 1971, and trial was originally set for March 9, 1972. A four day continuance was granted on March 9, 1972, both because defendants' counsel was ill and because the key government witness, Ellen O'Meara, had for the first time requested a grant of immunity. The case was continued generally on March 13, 1972 because the government had not had sufficient time to

* U. S. Court of Appeals for the Third Circuit; sitting by designation.

obtain immunity for Miss O'Meara. The immunity request was finally granted on July 7, 1972, but the government was then unable to locate Miss O'Meara until September, 1972, when she was found to be incarcerated in a New York state prison. The United States was unable to obtain her release, on a writ of habeas corpus ad testificandum, from New York state officials until the March, 1973 term of grand jury, when the defendants were reindicted. The trial commenced on May 24, 1973 on the reindictment, the original indictment having been dismissed without prejudice on April 2, 1973.

During this time, the defendants' attorney had written two letters to the Assistant United States Attorney in charge of the case, and had conversed with him several times, requesting that the indictments be dismissed. No request for a speedy trial was made to the court until the April 2, 1973 hearing on the motion to dismiss.

■■ In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set forth a balancing test where four factors are to be considered in determining whether the right to speedy trial was violated: (1) the length of the delay; (2) reasons for the delay; (3) the defendants' responsibility to assert their right; and (4) prejudice suffered due to the delay. The district court considered these factors, noting primarily that the defendants had not asserted their right to a speedy trial until the April 2, 1973 hearing, and that no prejudice was shown in any event as they had not been incarcerated or otherwise suffered any material damage to their defense. Our examination of the record supports the district court's finding as to this issue, and we find no error.

The witness O'Meara testified that she acted as a middleman between the members of an organized crime group, which operated primarily in New York City and which stole the items involved, and the defendants, who bought the items and transported them to their place of business in Norfolk, Virginia. She testified in detail concerning the items charged in the indictment, the fact that she typed false bills of sale and invoices for stolen equipment, and often collected money from the defendants for stolen machinery they had purchased. Miss O'Meara stated on cross-examination that she would not reveal the names of some of the main figures in the organized crime ring, at least some of whom had dealt with the defendants, because she feared for her life. The gist of her testimony in this regard was that the defendants did not know many of the members of the ring but did know a few who were involved in delivering the automobiles and machinery in question. Miss O'Meara did reveal the names of three such ring members who had already been arrested, apparently in connection with these or related crimes, and testified concerning these ring members' relationship with the defendants. The district court overruled defendants' contentions that she should reveal the names of other crime ring members that she knew, stating that the question was interstate transportation of stolen goods, and that it did not matter who stole the goods. Defendants contended that the names were highly relevant because they could use these unknown persons to prove they had no knowledge the goods were stolen and did not know with whom they were dealing.

■■ We find no merit to the defendants' contention. Of course, the rule is well settled that the scope of cross-examination is generally within the discretion of the trial court and usually limited to matters brought out on direct. See United States v. Williams, 478 F.2d 369, 371 (4th Cir. 1973); United States v. Chase, 372 F.2d 453, 463 (4th Cir. 1967). But, in any event, we note that the defendants did not attempt to use as witnesses those crime ring members who were named by Miss O'Meara. They have given us no reason to believe that they would have used the unnamed criminal members.

We are of opinion the district court acted within its discretion in not requiring the witness to divulge names of persons not directly involved with the crime charged, and whose testimony, if available, could be of little or no value to the defense. In addition, any error committed was harmless. We have had brought to our attention no potential witness with whom the defendants dealt who could not have been subpoenaed.

The defendants also claim error in the court's denial of their motion for a mistrial based on alleged prejudice resulting from comments of the court to the defense attorney. On several occasions during the four day trial, the court had admonished the attorney as to the improper form of questioning and his comments on the evidence, or made other similar objections to his trial tactics. The most critical exchange between the court and the attorney occurred when the court interrupted a question the attorney directed toward a witness during cross-examination, advised him that he was testifying, and that the form of the question was improper. Quite vigorous in his protest, the attorney remarked that the prosecution had not objected to his form of questioning, and that, in essence, he was not able to properly cross-examine the witness. The court then admonished him as follows:

" . . . if you will conduct yourself as a lawyer should conduct himself in a courtroom, you will receive every consideration. If you do not wish to proceed in that manner, then you will not receive every consideration; and there's no reason for you to raise your voice to the jury or this court."

During its instructions to the jury on the following day, the court advised the jury that its comments directed toward counsel should not be taken as any indication that it felt the defendants were or were not guilty, nor should the jury attempt to reward or punish the defendants because of any such incidents.

 We find no prejudice to defendants. The trial court has a duty to see that the facts are developed and the jury not left confused. The court here acted within its discretion in warning counsel to desist from what it considered to be unnecessary actions. None of the court's comments were directed to the defendants' credibility or the strength of their case. The case against them was not a weak one, and the court's instructions to the jury were sufficient to correct any prejudice which might have resulted because of its comments to counsel. We think this case falls within the holdings of this court in United States v. Dockery, 417 F.2d 330 (4th Cir. 1969) and Butler v. United States, 191 F.2d 433 (4th Cir. 1951).

We have considered the other assignments of error and find them without merit.

The judgment of the district court is accordingly

Affirmed.