**UNITED STATES of America**

v.

**Hector SANTIAGO, Defendant.**

**No. 87 Cr. 800 (SWK).**

United States District Court, S.D. New York.

July 26, 1988.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City by Henry J. De Pippo, Asst. U.S. Atty., for the Government.

Michael Wiseman, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Presently before this Court is defendant's motion, pursuant to Rule 38(a)(2) and (3) of the Federal Rules of Criminal Procedure and Rule 9(b) of the Federal Rules of Appellate Procedure, and 18 U.S.C. § 3143, staying the execution of sentence imposed by this Court in this case.

Following a jury trial defendant was convicted of three counts of violating 18 U.S.C. § 1709. On July 20, 1988 this Court sentenced him to a term of imprisonment of one year on each count, to run concurrently, and a fine of $50,000. Upon application of defendant, this Court stayed execution of sentence until July 27, 1988. On July 21, 1988 defendant filed a notice of appeal with this Court.

Pursuant to 18 U.S.C. § 3143 this Court must order that defendant be detained while his appeal is pending unless it finds "(1) by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released" and "(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment". This Circuit has interpreted this section in the following manner: "Before a district court may grant bail pending appeal, it must find: (1) that the defendant is not likely to flee or pose a danger to the safety of any person or the community if released; (2) that the appeal is not for purposes of delay; (3) that the appeal raises a substantial question of law or fact; (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed." *United States v. Randell,* 761 F.2d 122, 125 (2d Cir.1985).

With regard to the first prong of this test, in its letter in opposition to defendant's motion the government appears not to contest defendant's assertion that he is not likely to flee and does not pose a threat to

the community. Indeed, this Court notes that defendant has been at liberty on a personal recognizance bond since the date of his arrest on this matter and has appeared before this Court on each occasion his appearance was required. According to the Pre–Sentence Report in this case, defendant appears to be well rooted in the community as well. In addition, defendant was convicted of a non-violent offense. Therefore, this Court finds that defendant is not likely to flee or pose a danger to the community if released.

With regard to the second prong, defendant asserts that "[t]his stay is not being sought merely as a means of delaying execution of sentence", immediately following his argument that his appeal presents substantial issues of law and fact likely to result in a reversal of his conviction. This Court agrees with defendant's implicit recognition that in this case—where there exists no particular evidence that the stay is sought only for delay—this Court's determination of whether the request for a stay is merely a delay tactic is tied to its determination of whether the issues to be raised on appeal are substantial and whether they would likely result in reversal. This Court therefore turns to the third and fourth prongs of the test.

Defendant has identified three issues that he intends to present to the Court of Appeals for review. First, defendant asserts that this Court's denial of his motion to supress physical evidence from this case was, in part, error. Specifically defendant asserts that this Court's finding that he consented to the search of his car was "clearly erroneous and incorrect as a matter of law" and that this court's conclusion that the postal inspectors properly searched defendants locker and recovered keys to his car was error. Second, defendant asserts that this Court committed error when it limited defendant's cross-examination of a government witness, Inspector McClelland. Specifically, defendant contends that the Court erred when it did not permit further questioning regarding Inspector McClelland's use of the word "Colored" in his description of an individual. Defendant contends in this regard that the

disclosure of possible racial bias was crucial to the theory of his case—that he was framed—and spoke to the credibility of the witness. Defendant asserts that this Court's limitation of his questions—the sustaining of the government's objection to his follow-up question—violated his Sixth Amendment right to confront the witness and his Fifth Amendment due process right to do the same. Finally, defendant asserts that this Court's imposition of a $50,000 fine on him violates the Eighth Amendment's proscription against the imposition of excessive fines, and 18 U.S.C. § 3622, which sets forth considerations for the imposition of fines.

 This Court held a suppression hearing in this case on May 9, 1988. Based on evidence adduced at the hearing this Court issued a post-hearing decision on May 13, 1988 denying defendant's request to suppress the evidence found in his car either on the grounds that the consent to search the car was invalidly obtained or that the search of the car was rendered invalid by a prior unlawful search of defendant's locker. *United States v. Santiago*, No. 87 Cr. 800 (SWK), slip op. at 6 and 8 (S.D.N.Y. May 13, 1988) [available on WESTLAW, 1988WL52797]. Defendant has put forth no new legal or factual argument as to why this Court's prior decision was error, but merely refers to prior arguments already carefully considered by this Court. In addition, even assuming that this Court's decision not to supress the evidence obtained during the search of the car and admitted at this trial—the marked money—was error, this Court is not persuaded, and defendant has not even argued, that this error would result in reversal or a new trial given the other overwhelming evidence against the defendant at trial.

 In addition, defendant's argument regarding Inspector McClelland's cross-examination does not warrant a stay of his sentence. As the government correctly notes in its letter in opposition to this motion, defendant was given a full opportunity to develop his defense that he was

"framed" at trial. In addition, the jury had the opportunity to contemplate the witness's credibility from his single use of the word "Colored", even absent further cross-examination by defense counsel. Thus, even if the Court of Appeals were to find that the exclusion of further questions was error, this issue would not likely result in reversal or an order for a new trial on any of the counts.

■ Finally, defendant's argument regarding the validity of the fine imposed on him does not warrant stay of this sentence. The fine imposed was well below the statutory minimum. Most significantly, even if defendant were to prevail on his argument that it is illegally excessive, the result would not be reversal or a new trial.

Defendant's motion to stay his sentence pending appeal is thus denied. Defendant is to surrender on July 27, 1988 as directed by this Court.

SO ORDERED.