993 F.2d 1541
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Wayne REEDY, Defendant-Appellant.
 No. 92-5348.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 14, 1993
May 17, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-91-119)
 Geary M. Battistelli, Beneke, Battistelli & Bremer, Wheeling, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 OPINION
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Wayne Reedy appeals a judgment entered on the verdict of a jury convicting him of possession of marijuana in violation of 21 U.S.C. § 844 (1988). Finding that his assignments of error lack merit, we affirm.
 
 
 2
 A reliable informant, Dennis Klages, advised James Wright, then a lieutenant with the Wheeling Police Department, that he had seen marijuana at Reedy's home. The police officer obtained a search warrant for the residence. Executing the warrant, he found 12.17 grams of marijuana in four plastic bags, some marijuana cigarettes, some marijuana "roaches," and a semi-automatic rifle. Klages testified that he had purchased marijuana from Wright once or twice a month for two years. He also stated that Reedy had offered marijuana for sale on the day Klages informed Wright of the presence of marijuana in Reedy's home.
 
 
 3
 Reedy offered an alibi defense, calling two of his customers, his wife, and his mother. Reedy's employee, Dale Hardway, testified that the marijuana found in Reedy's home belonged to Hardway.
 
 
 4
 The jury found Reedy guilty of the misdemeanor offense of possession of marijuana, a lesser included offense of the charged offense of possession with intent to distribute marijuana. Reedy appeals.
 
 
 5
 Reedy claims that the evidence was insufficient to support his conviction. We review the sufficiency of the evidence under the familiar standard of Jackson v. Virginia, 443 U.S. 307 (1979), which asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," id. at 319, and requires us to construe the evidence in the light most favorable to the government, assuming its credibility. United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). Reedy insists that the government informant was not credible and that his witnesses were credible. The jury resolved this dispute in favor of the Government. The Government presented sufficient evidence: Klages testified that Reedy offered him marijuana for sale; marijuana was found in Reedy's home. Reedy's argument has no merit.
 
 
 6
 Similarly, Reedy's complaint that the district judge erred when he denied the Defendant's motion for a judgment of acquittal lacks merit. Where sufficient evidence is before the jury, a district court's denial of such a motion is appropriate. Johnson v. United States, 265 F.2d 496 (4th Cir.), cert. denied, 360 U.S. 929 (1959).
 
 
 7
 Reedy next asserts that the district court erred when it admitted Klages's testimony of prior sales of marijuana to Reedy. Under Fed. R. Evid. 404(b) (effective until December 1, 1991), evidence of other crimes, wrongs, or acts was admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The decision to admit evidence of other acts under Rule 404(b) is committed to the discretion of the district court. United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992), citing United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991).
 
 
 8
 Reedy argues that the district court admitted the evidence of other sales of marijuana to prove intent when intent was not an issue in the case because he offered an alibi defense. The district court, however, held an in-camera hearing and found that the evidence was relevant to opportunity, motive, plan, knowledge, and identity, as well as intent. After balancing the probative value of the testimony against its prejudicial effect, the court found the testimony admissible.
 
 
 9
 Reedy does not complain of the relevance of the evidence on any ground other than intent. In effect, he admits that the evidence was relevant to show opportunity, motive, plan, knowledge, and identity. The district court did not abuse its discretion.
 
 
 10
 Reedy asserts that the district court erred when it denied his motion for a stay of sentencing or for a stay of execution of sentence. Reedy contended that a stay was appropriate as he had recently had a phone conversation with a missing witness, which supported his theory that the informant planted the marijuana. The witness's precise location was unknown.
 
 
 11
 The district court did not err when it denied the motion. The court determined that the Defendant had not presented any newly discovered evidence, in effect a finding that no substantial question of law or fact was articulated in support of the motion. See, e.g., City of Alexandria v. Helms, 719 F.2d 699 (4th Cir. 1983); Long v. Robinson, 432 F.2d 977 (4th Cir. 1970); United States v. Santiago, 695 F. Supp. 1490 (S.D.N.Y. 1988).
 
 
 12
 Finally, Reedy's challenge to his sentence has no merit. The sentence was within the applicable sentencing guidelines range; Reedy identified no violation of law or incorrect guideline application. See 18 U.S.C.A. § 3742 (West 1985 & Supp. 1992).
 
 
 13
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED