**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lee Andrew DAVIS,**
**Defendant–Appellant.**

**No. 90–2754.**

United States Court of Appeals,
Seventh Circuit.

Argued June 19, 1991.

Decided July 26, 1991.

tive and [it is] the government's responsibility to support it." It was a good answer.

Sheila Finnegan, David A. Glockner, Asst. U.S. Attys., Edward G. Kohler, Office of U.S. Atty., Crim. Div., Barry R. Elden, Asst. U.S. Atty., Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

· Nathan Diamond–Falk, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, POSNER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Defendant–Appellant, Lee Andrew Davis, was found guilty following a jury trial of one count of possession of a stolen interstate shipment in violation of 18 U.S.C. § 659. He was acquitted on one count of conspiracy to steal and possess an interstate shipment in violation of 18 U.S.C. § 371. Davis was sentenced under the United States Sentencing Guidelines to fifteen months in prison to be followed by three years of supervised release. Davis appeals raising two challenges to his sentence.

## I. Background

On November 5, 1987, Davis and his three co-defendants, Gerald Lawrence, Keith Husband, and Tommy Lee Jackson, met at Lawrence's apartment at 3432 West Flournoy in Chicago. Lawrence asked the other three men if they would like to make some money by stealing a trailer from a truck lot, selling the merchandise therein, and splitting the profits. Davis and his co-defendants agreed to do so. Later that evening, Davis and Lawrence drove in Lawrence's tractor to a truck lot owned by Raun Leasing in Lansing, Illinois to steal a trailer. Husband and Jackson followed in a car; however, when they arrived at the lot Lawrence and Davis had already departed with the stolen trailer and returned to Lawrence's apartment. Husband and Jackson returned to Lawrence's apartment and found Lawrence and Davis standing at the rear of a trailer attached to Lawrence's tractor. The co-defendants opened the

trailer and discovered that they had stolen a truckload of dishwashing detergent.

Thereafter, the four men began to unload the trailer, carrying the cases of detergent into the basement of the apartment. The unloading process continued on into the next day until they had transferred about half of the load into the basement. After the defendants had unloaded as much of the detergent as they wanted, one of Davis' co-defendants discarded the trailer and the remainder of its contents in Hillside, Illinois. At that point, the defendants commenced the distribution phase of the offense. Lawrence borrowed a van and with the aid of his co-defendants loaded it with detergent in order that Lawrence might sell the detergent to stores in the area. In addition, the record reflects that Davis, Husband, and Jackson also sold some of the stolen detergent.

The four defendants were indicted for the theft of the trailer and its contents in September 1989. Defendants Lawrence, Husband, and Jackson pleaded guilty to the count charging them with conspiracy to steal and to illegally possess an interstate shipment. Davis proceeded to trial and each of his co-defendants testified against him. Davis also took the stand at trial and denied that he agreed to steal the trailer or that he knew that the trailer and its contents were stolen. On cross-examination, Davis admitted that he realized that something about the transaction was not quite right because the contents of the trailer were transferred into Lawrence's basement; however, he continued to maintain that he was unaware of the theft. The jury convicted Davis on the possession of a stolen interstate shipment count of the indictment and acquitted him on the conspiracy to steal and to illegally possess an interstate shipment count. Davis was sentenced under the Guidelines to fifteen months in prison to be followed by three years of supervised release. Davis appeals his sentence.

## II. Analysis

 Davis raises two challenges to his sentence under the Guidelines. Initially he maintains that he should have received a downward adjustment in his base offense level because of his minimal or minor role in the offense pursuant to § 3B1.2. Davis' second argument on appeal is that the district court improperly enhanced his base offense level by two points for obstruction of justice under § 3C1.1 of the Guidelines. We review these sentencing decisions for clear error. *United State v. Hagan*, 913 F.2d 1278, 1282–83 (7th Cir.1990). "The sentence imposed will be affirmed if the district court properly applied the guidelines to findings of fact that do not leave us with the definite and firm conviction that a mistake has been committed." *Id.*

### A. *Adjustment for Role in the Offense*

In the district court, Davis argued for either a four-point or two-point reduction in his base offense level because he was either a minimal or minor participant in the crime. Davis repeats that argument on appeal, asserting that because he was acquitted as to the conspiracy count he was less culpable than his co-defendants. In addition, Davis maintains that the adjustment should apply because of his low cognitive ability and because he did not know that the trailer or its contents were stolen. The government countered that departure for the defendant's role in the offense should be infrequently used and that contrary to his assertions, Davis knew that he was engaged in illegal activity and was therefore no less culpable than his co-defendants, with the exception of Lawrence who was more culpable than Davis.

 The adjustment for a minimal participant "'is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group.' In contrast, 'a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.'" *Hagan*, 913 F.2d at 1283 (quoting § 3B1.2, Application Notes 1 and 3). This court has emphasized that § 3B1.2 "is limited to 'a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.'" *United*

*States v. Osborne,* 931 F.2d 1139, 1157 (7th Cir.1991) (quoting *United States v. Bigelow,* 914 F.2d 966, 976 (7th Cir.1990)).

■ In rejecting Davis' argument that he was entitled to an adjustment, the district court found that Davis was a full participant in the offense and that he was equally as culpable as two of his three co-defendants, Husband and Jackson. The determination of whether or not a defendant is eligible for a downward adjustment because he is substantially less culpable than the other participants in the crime is a question dependent upon the particular facts of each case. *Bigelow,* 914 F.2d at 975. In this instance, there is substantial evidence in the record to support the district court's conclusion that Davis was more than a minimal or minor participant. Davis was present during the discussion and planning of the theft of the trailer. He travelled with Lawrence to the truck lot to steal the trailer. Davis helped unload the detergent into Lawrence's basement. In addition, Davis participated in the distribution by loading the stolen detergent from the basement into a van so that Lawrence could sell it and in fact participated in the selling the detergent. In light of this evidence, we refuse to hold that the trial court committed clear error in determining that Davis' participation was greater than that of a minimal or a minor participant, making him ineligible for an adjustment under § 3B1.2.

### B. *Obstruction of Justice*

■ Davis also asserts that the district court improperly applied the § 3C1.1 obstruction enhancement in figuring his sentence under the Guidelines. He maintains that the district court failed to make sufficiently specific findings in support of its conclusion that Davis lied in his trial testimony warranting the application of the enhancement. Testifying falsely at trial is "[i]ncluded as conduct worthy of the application of the obstruction enhancement...." *United States v. Hassan,* 927 F.2d 303, 309 (7th Cir.1991); *See also United States v. Feekes,* 929 F.2d 334, 338 (7th Cir.1991) (court found no error in district court's application of the obstruction enhancement based upon the defendant's perjury).

■ In this instance, the district court stated at sentencing that Davis "attempted to mislead the jury as to his knowledge and participation ... in the theft...." Sentencing Transcript at 25. As such, the district judge made a specific finding that Davis was less than truthful during his trial testimony. This is all that the district judge is required to do. In the recent case of *United States v. Lozoya–Morales,* 931 F.2d 1216, 1219 (7th Cir.1991), this court found error in an obstruction enhancement that was premised upon the jury's verdict as opposed to an independent finding of the district court that the defendant committed perjury. However, the *Lozoya–Morales* court did not require that the district court cite specific examples of perjury in the defendant's testimony. In fact, the court affirmed the enhancement as to one of the defendants in the case where the district judge stated at sentencing "I believe that if you get up on the stand and lie about your involvement, that that is an obstruction of justice and I believe that [the defendant] did lie about his involvement." *Lozoya–Morales,* 931 F.2d at 1220.

The instant case presents language very similar to the language affirmed in *Lozoya–Morales.* The district court specifically noted that the obstruction enhancement was premised upon Davis' perjury and was not triggered by the jury's verdict. In his trial testimony, Davis made numerous representations that he did not know that either the trailer or its contents were stolen, and even when Davis admitted on cross-examination that he knew something about the transaction was not quite right because the detergent was being offloaded into Lawrence's basement late at night, he still continued to maintain that he did not know that the detergent was stolen. Based upon its consideration of Davis' testimony in conjunction with the testimony from his co-defendants that Davis agreed to steal the trailer, helped to unload the trailer, and fully participated in the distribution phase of the endeavor, the district court conclud-

ed that Davis lied in his testimony at trial with the purpose of misleading the jury. Our review of the record fails to substantiate the claim that the district court committed clear error in making that determination; therefore, we find that the district court properly applied the § 3C1.1 enhancement.

The sentence of Lee Andrew Davis is AFFIRMED.