952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Wali ALI, Defendant/Appellant.
 No. 91-1302.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Jan. 10, 1992.
Rehearing and Rehearing En Banc
Denied March 3, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In December of 1989, police arrested Wali Ali and charged him with burglary of a federally insured credit union. 18 U.S.C. § 2113(a). Ali testified at trial, but was nevertheless convicted and sentenced to forty-one months' incarceration. In determining the sentence under the Federal Sentencing Guidelines, the court added two points to Ali's offense level for obstruction of justice, finding he had tried to mislead the jury with his testimony. See U.S.S.G. § 3C1.1. The court also decided that a pair of past convictions were unrelated in calculating Ali's criminal history score. See U.S.S.G. §§ 4A1.1(a) and 4A1.2(a). The issues in this case are whether the sentence enhancement and the calculation of the criminal history score[1] were proper under the Sentencing Guidelines. The pertinent facts of the trial and sentencing are incorporated into the analysis section of this order.
 
 Analysis
 
 2
 The district court enhanced Ali's offense level by two because the judge believed Ali had lied on the witness stand. Ali testified that he went to the building that housed the credit union to use the bathroom, as police told him he could. After using the downstairs bathroom he got tired of waiting for an elevator and so began to look for a staircase. When he walked past the credit union he saw keys sticking into the door. Amazed, he called out to see if anyone was around to whom he could return the keys. When no one answered, Ali entered the union, driven by the temptation that there might be some money there, though he said he did not know what he would have done if he found any. Upon entering, Ali covered his face with a bandanna so no one would think he was breaking in. He then went to the teller's area and rummaged through drawers, though he did so only out of curiosity. Later, while looking in the back of the credit union for someone to give the keys to, Ali heard voices in the lobby and hid in a closet, afraid that the voices might belong to burglars.
 
 
 3
 Sentencing Guideline § 3C1.1 allows a court to add two points to a defendant's offense level if it finds the defendant committed perjury. U.S.S.G. § 3C1.1, Application Note 1. A sentencing court's decision that a defendant has obstructed justice is a finding of fact, reviewed under a clearly erroneous standard. United States v. Feekes, 929 F.2d 334, 338 (7th Cir.1991). This deferential standard is appropriate, as the district judge is in a better position to examine the credibility and demeanor of the witness. See 28 U.S.C. § 3742(e). We hesitate to overturn credibility determinations on the basis of a cold record. United States v. Cherry, 938 F.2d 748, 758 (7th Cir.1991).
 
 
 4
 While a simple denial of guilt will not justify a sentence enhancement, false testimony as to a material fact will do so. U.S.S.G. § 3C1.1, Application Note 1; Cherry, 938 F.2d at 758. This enhancement may not be based on the defendant's conviction alone, but must be supported by the district court's independent finding of perjury. United States v. Davis, 938 F.2d 744, 747 (7th Cir.1991). The district court made such a finding here, stating: "I think that he [Ali] willfully and knowingly presented perjured testimony.... He told what I would view as a preposterous story in light of the evidence." Transcript of Sentencing Hearing, June 5, 1990, at 14.
 
 
 5
 The record supports this finding. Ali strove to explain his presence in the credit union as an innocuous mishap, the sort of thing that could happen to anyone, despite strong evidence that his presence was no accident. He also claimed he wore a bandanna across his face so no one would think he was a burglar, an explanation contrary to common sense and experience. It is not error to find that a defendant's testimony, where inconsistent with other evidence and entirely self-serving, amounted to perjury and an obstruction of justice. United States v. Rodriguez, 929 F.2d 1224 (7th Cir.1991) ("minor inconsistencies" with other testimony justified perjury enhancement); Feekes, 929 F.2d 334 (7th Cir.1991) (perjury enhancement proper where audio tape proved defendant lied). Given the unbelievability of Ali's testimony, coupled with our deferential standard of review, we agree with the district court's finding that Ali willfully attempted to obstruct justice, along with the subsequent offense level enhancement.
 
 
 6
 Ali, however, contends the district court erred in finding he had attempted to mislead the jury, as he admitted that he entered the credit union because of the "temptation" created by the keys in the door and the lure of the money inside. Although he acknowledges some gamesmanship, Ali asserts that his testimony amounted to a confession of the common law elements of burglary, which cannot be treated as an attempt to obstruct justice.
 
 
 7
 Such "half-truth" testimony has been held to justify an enhancement. In Davis, the defendant denied that he had agreed to steal a trailer or that he knew that the trailer and its contents were stolen, even though he later admitted knowing that something about the transaction was not quite right. 938 F.2d at 746. The district court found that Davis had attempted to mislead the jury as to his knowledge and participation in the theft, and we upheld the sentence enhancement for obstruction of justice. Id. at 748. Similarly, Ali's testimony was an effort to hide his intent and his role in the crime from the jury.
 
 
 8
 It is also of no help to Ali that the district court did not make specific findings as to which statements were perjurious. Both Davis and United States v. Contreras, 937 F.2d 1191 (7th Cir.1991) held that no such findings are required, so long as the district court reaches an independent decision that the defendant lied. In Contreras, the court noted the difference between a simple denial of guilt, without accompanying perjury, and attempting to mislead a jury. "[A] simple denial of guilt ... cannot be the basis for an obstruction enhancement under § 3C1.1.... But Contreras did more than that. Despite the perils of doing so, Contreras decided to take the stand and tell the jury a story." Id. at 1194. Ali took the same risk, and the enhancement of his sentence was not error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The calculation of Ali's criminal history score is addressed in a published opinion issued this day