**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis Charles LAWRENCE,**
**Defendant–Appellant.**

**No. 91–7491.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 28, 1992.

---

Cecil Thomas Nail, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., John E. Ott, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before ANDERSON, Circuit Judge, HILL and ESCHBACH *, Senior Circuit Judges.

PER CURIAM.

Pursuant to Sentencing Guideline § 3C1.1,[1] the district court increased the defendant's offense level on the ground that Lawrence obstructed justice by committing perjury on the stand during his trial. Lawrence argues that the enhancement was improper because the district court failed to make "an independent factual finding that the defendant willfully lied in trial testimony." *United States v. Husky,* 924 F.2d 223, 224 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 81 (1991). The government argues that the absence of an independent finding should not be fatal in this case, because the jury's guilty verdict necessarily establishes that the defendant lied. We disagree. Therefore, we affirm the conviction,[2] vacate the sentence, and remand for resentencing.

### Analysis

■ In *United States v. Grayson,* 438 U.S. 41, 54, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978), the defendant argued that his sentence could not be enhanced based on a trial court's determination that he committed perjury, because such an enhancement would "impermissibly 'chill[ ]' a defendant's statutory right, 18 U.S.C. § 3481 (1976 ed.), and perhaps a constitutional right to testify on his own behalf." *Id.* 438

U.S. at 54, 98 S.Ct. at 2617. The Supreme Court rejected the defendant's argument and held that "[t]here is no protected right to commit perjury." *Id.* 438 U.S. at 54, 98 S.Ct. at 2618. Thus, the Court affirmed "the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine ... whether that testimony contained willful and material falsehoods, and, if so," assess whether that factor should contribute to the sentence. *Id.* At the same time, the Supreme Court stated that it was not requiring "a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false." *Id.* Thus, the Court implied that *automatically* enhancing the sentence of a defendant who takes the stand but is convicted would present statutory or perhaps even constitutional problems. Although *Grayson* preceded the sentencing guidelines, other courts have applied it to Guideline 3C1.1, *see, e.g., United States v. Beaulieu,* 900 F.2d 1537 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990), and the guidelines specifically address its concerns. Application Note 1 to § 3C1.1 states that "[t]his provision is not intended to punish a defendant for the exercise of a constitutional right."

To guard against the danger that a defendant will be automatically penalized for asserting his right to testify, we have held that a "sentencing judge clearly has the authority to enhance a defendant's offense level if the judge makes an independent factual finding that the defendant willfully lied in trial testimony." *Husky,* 924 F.2d at 224. In the present case, the district court did not make an independent finding. In a post-trial motion, the district court stated that "it could 'clean' up the record on the obstruction of justice adjustment by finding that the defendant lied at trial. This court has no more basis for determin-

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

**1.** § 3C1.1 provides: If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during

the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

**2.** We reject Lawrence's attempt to overturn his conviction. Rule 36–1.

ing this than did the jury at a higher standard of proof. The jury obviously concluded that he lied in a substantial regard." R. 30 at 1.[3] Thus, the court applied the enhancement, even though it expressly refused to make any independent factual finding that the defendant willfully lied at trial, because it thought that the jury verdict established conclusively that the defendant *had* lied.

The government argues that the sentencing judge's actions were permissible; because the jury's guilty verdict made an independent finding by the sentencing judge unnecessary. The government relies on dictum from a Seventh Circuit case. In *United States v. Lozoya–Morales*, 931 F.2d 1216 (7th Cir.1991), ·the district court enhanced the defendant Sanchez' sentence on the ground that he had obstructed justice by lying on the stand. The court failed to make an independent finding, however, and because Sanchez could have been convicted even if the jury had believed his testimony, the guilty verdict did not *necessarily* establish its falsity. *Id.* at 1218 n. 2. The Seventh Circuit reversed the enhancement, holding that enhancing the sentence "without a finding by the judge that he lied about a material subject, *or the clear implication of the jury's verdict that he must have done so* ... raises grave constitutional problems." *Id.* at 1219 (emphasis added). Because the Seventh Circuit decided to reverse Sanchez' sentence, the em-

phasized language does not amount to a holding that the jury's verdict standing alone can support the enhancement.[4] Therefore, the government relies on mere dictum.

We decline to follow that dictum. Sentencing is a matter generally entrusted to the court, not the jury. *Cf. Fallada v. Dugger*, 819 F.2d 1564, 1570–71 (11th Cir. 1987) (prosecutor's comments to jury regarding defendant's eligibility for parole may deny defendant due process). But the rule proposed by the government would invade the province of the court in determining the convicted defendant's sentence. The government argues that, absent a finding by the sentencing court, the jury's verdict should be conclusive on the question whether the obstruction of justice enhancement applies. But if the verdict is conclusive *absent* a finding, must it not also be conclusive when the sentencing court *does* make a finding? Thus, the logical implication of the rule proposed by the government is that a sentencing judge *must* apply the enhancement whenever the jury verdict conclusively establishes that the defendant lied on the stand. We believe that this result would violate *Grayson*'s admonition not to apply an enhancement for perjury in a "wooden or reflex" fashion because a guilty verdict, if given conclusive effect, would normally establish that *any* defendant who had testified lied on the stand.[5]

**3.** The judge also stated: "I've got no reason to find an obstruction of justice other than the fact that he took the stand, that he testified, that his testimony was obviously inconsistent with being innocent and that the jury found him guilty, and that based on that, without playing games, I just assume that that's what is intended by this rule. And if I'm wrong, this is a good time and a good way to establish it. So I'm going to find that the obstruction adjustment applies." R. 5 at 11–12.

**4.** Judge Eschbach, the author of *Lozoya–Morales* and a member of this panel, agrees that the government relies on mere dictum and thus joins in this opinion.

**5.** We can imagine at least two types of cases where a defendant can testify and be convicted even though he might have told the truth. First are cases which involve partial denials by the defendant. Because the defendant has not denied every act which could have constituted the offense, a guilty verdict does not mean that the

defendant necessarily lied. *See, e.g., Lozoya–Morales*, 931 F.2d at 1218 n. 2. Second are cases where the jury, in order to find guilt, must evaluate the facts surrounding the defendant's conduct according to some abstract legal standard. For example, a defendant in federal court is guilty of involuntary manslaughter if he commits an "unlawful killing" while taking a lawful action "which might produce death" "without due caution and circumspection." 18 U.S.C. § 1112. A defendant in an involuntary manslaughter case could well testify that he took a certain set of actions to insure the safety of an enterprise. The jury might convict the defendant not because it disbelieved that testimony, but because it found that the defendants' acts did not constitute "due caution and circumspection." In such a case, again, the jury's guilty verdict does not imply that the defendant lied. In our view, the government's proposed rule is not saved by the existence of certain narrow classes of cases where a guilty verdict

As a result, virtually all testifying defendants would be subject to the enhancement. We hold instead that the sentencing court must make its own finding, informed but not dictated by the jury's verdict.

■ The only other issue we need mention[6] is Lawrence's contention that sentencing guideline § 2D1.1(c)(11), which equates for sentencing purposes each gram of cocaine base with 100 grams of ordinary cocaine, is "arbitrary and capricious" and thus violates his constitutional rights. We join the circuits that have rejected this argument. *See, e.g., United States v. Thomas*, 932 F.2d 1085, 1089–90 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 887, 116 L.Ed.2d 791 (1992); *United States v. Avant*, 907 F.2d 623, 627 (6th Cir.1990); *United States v. Buckner*, 894 F.2d 975, 978–80 (8th Cir.1990); *United States v. Turner*, 928 F.2d 956, 959–60 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991). Lawrence argues that because the statute which he violated, 21 U.S.C. § 841, equates 5 grams of co-

caine base with each 500 grams of cocaine, Congress has manifested an intention not to apply the 100-to-1 ratio for amounts of cocaine base involving less than 5 grams; Lawrence's case involved only 3.2 grams. A more plausible interpretation of the statute is that Congress wished to set particular parameters to guide the sentencing of large-scale drug dealers, but left the small-timers to the discretion of the Sentencing Commission. Thus, the Sentencing Commission followed Congress' direction by applying an identical 100-to-1 ratio.

### Conclusion

For the reasons stated, we AFFIRM the conviction, VACATE the sentence, and REMAND for resentencing.

would not automatically require the court to penalize a testifying defendant for perjury. In most cases, the reverse is true.

**6.** Lawrence challenges his conviction and sentence on other grounds which do not require

discussion. Circuit Rule 36–1.