998 F.2d 1017
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff, Appellee,
v.
Baltasar ROSILES-ORTIZ, Defendant, Appellant.
 No. 92-2042.
 United States Court of Appeals, Seventh Circuit.
 Argued June 7, 1993.
Decided July 6, 1993.
 
 Before BAUER, Chief Judge, KANNE, Circuit Judge and ALDISERT, Senior Judge.
 
 ORDER
 
 1
 The appellant Baltasar Rosiles-Ortiz argues that there was insufficient evidence to sustain his conviction and that the district court erred when answering a question from the jury during its deliberations and in applying a two-level enhancement under U.S.S.G. § 3C1.1, Obstructing or Impeding the Administration of Justice, based on false testimony the appellant gave at trial. For the following reasons, we affirm the judgment.
 
 
 2
 This is a direct criminal appeal from a judgment entered by the district court on April 22, 1992 on a criminal prosecution brought pursuant to 21 U.S.C. § 846 (Count I) (conspiracy to possess with intent to distribute cocaine) and 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (Count II) (distribution within 1,000 feet of a public elementary school). A timely appeal was filed under Rule 4(b), Federal Rules of Appellate Procedure, from final judgment vesting us with jurisdiction, 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
 
 I.
 
 3
 In determining the sufficiency of the evidence, we must consider "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We are satisfied that the evidence indicated that Rosiles was a member of the drug conspiracy and that he aided and abetted in the delivery of three kilograms of cocaine.
 
 
 4
 The transaction took place on July 24, 1991. Oscar Montes, a confidential informant of the Drug Enforcement Agency, called a telephone number he was given, and Rosiles answered. Rosiles immediately asked, "Is that you Chapparo?", a nickname of Augustine Olivares-Mendoza, a co-conspirator. Montes identified himself and asked where the "bakery" was. Rosiles replied that it was at an office located at 23rd Place and Oakley. A sign bearing the legend "bakery" was placed over the office at 2257 West 23rd Place where co-conspirator Vincente Gonzales-Comacho worked and Rosiles had visited.
 
 
 5
 Montes, another confidential informant and Special Agent Kirk Meyer drove to the location and observed Rosiles and Gonzales standing outside the building. Testimony indicated that they were looking around as if looking for someone. After Special Agent Meyer parked his car in front of the building and met up with Gonzalez on the sidewalk, Gonzalez turned to Rosiles and said, "Watch out for patrol cars" and motioned to Rosiles to watch out. Rosiles responded "Yes" and proceeded to lean against the car and look up and down the sidewalk while the others went inside the building.
 
 
 6
 When Montes came out of the building and indicated that Rosiles was wanted outside, he immediately got off the car and walked inside the building. Once inside he was face to face with Special Agent Meyer, who was holding the bag containing the cocaine. Rosiles was asked by Meyer whether Montes was going out to get the money and Rosiles responded with a nod.
 
 
 7
 This evidence is sufficient to permit a rational jury to find Rosiles guilty beyond a reasonable doubt.
 
 II.
 
 8
 Rosiles next contends that the district court erred in failing to properly answer a question presented by the jury during deliberations. On the second day of the deliberations, the court received a note stating, "We are not clear if we have to find the defendant guilty of conspiring to commit an unlawful act in general or specifically conspiring to distribute cocaine, as stated in the indictment." After conferring with counsel, the court sent the following reply:
 
 
 9
 The unlawful purpose of the conspiracy alleged in the indictment is possession with the intent to distribute cocaine. Please reread the entire instruction on conspiracy.
 
 
 10
 This supplemental instruction drew no objection. In any event, we do not find that the response was in error. "The necessity, extent, and character of any supplemental instructions to the jury are matters within the discretion of the district court." United States v. Sanders, 962 F.2d 660, 667 (7th Cir.) (internal quotation marks omitted), cert. denied, 113 S.Ct. 262 (1992). We conclude that there was no abuse of discretion.
 
 III.
 
 11
 Appellant testified at trial. His testimony has been summarized by the government:
 
 
 12
 Rosiles testified that he didn't know anything about the drug transaction that occurred on July 24, 1991 at 2257 West 23rd Place and had not acted as a lookout for that transaction. Rosiles further testified that he had no idea that Gonzalez was meeting anybody at Oakley and 23rd Place until he got into the car with Gonzalez, and that when Montes called his house prior to the meeting, he asked first for Gonzalez and that Montes told him he was looking for the location of an office where he would be meeting Gonzalez.
 
 
 13
 Gov't Br. at 30-31. This testimony was contradicted by government evidence showing that Rosiles knew in advance of the July 24 cocaine deal and that he acted as a participant and a lookout when the deal took place. Id. at 31. At sentencing, the district court applied a two-level enhancement under guidelines section 3C1.1 on the basis that Rosiles gave false testimony on material facts at trial.
 
 
 14
 When a sentence is adjusted for obstruction of justice, the factual finding that the defendant willfully obstructed justice is reviewed under the clearly erroneous standard. However, we review de novo the district court's legal interpretation of the Sentencing Guidelines. United States v. Lozoya-Morales, 931 F.2d 1216, 1218 (7th Cir.1991).
 
 Section 3C1.1 of the Guidelines provides:
 
 15
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 Application Note 1 further states:
 
 16
 This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury) ... is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant.
 
 
 17
 Application note 3(b) lists "committing, suborning or attempting to suborn perjury" as an example of conduct warranting the enhancement.
 
 
 18
 In applying the enhancement in the present case, the district court stated:
 
 
 19
 [The defendant] did more than deny guilt. He denied knowledge.... So, over the objection of the defendant I will increase for obstruction based upon the testimony of the defendant at trial. I happened to sit at the trial and heard and observed the defendant testify. I find that his testimony was not believable.
 
 
 20
 App. at 6 (emphasis added).
 
 
 21
 Subsequent to the sentencing of Rosiles, the Supreme Court approved the practice followed by this court in Lozoya-Morales and by the district court here. United States v. Dunnigan, 113 S.Ct. 1111 (Feb. 23, 1993). In Dunningan, five prosecution witnesses testified as to the defendant's role in a cocaine deal. The defendant took the stand and denied any illegal activities, flatly contradicting the government's evidence. The jury found the defendant guilty, and the district court added a two-level enhancement under section 3C1.1. The Court of Appeals for the Fourth Circuit reversed, but the Supreme Court disagreed.
 
 
 22
 The Court noted, "[W]e have held on a number of occasions that a defendant's right to testify does not include a right to commit perjury." 113 S.Ct. at 1112, slip op. at 8. The Court then applied the definition of perjury under the federal criminal perjury statute, 18 U.S.C. § 1621. The Court described the standard in these terms: "A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." 113 S.Ct. at 1112, slip op. at 7. The Court went on to hold:
 
 
 23
 [I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out. See U.S.S.G. § 6A1.3 (Nov. 1989); Fed.Rule Crim.Proc. 32(c)(3)(D). See also Burns v. United States, 501 U.S. ----, ----, 111 S.Ct. 2182, ----, 115 L.Ed.2d 123 (1991). When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if, as was the case here, the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury. See App. 29 ("The court finds that the defendant was untruthful at trial with respect to material matters in this case. [B]y virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment by two levels" (emphasis added)).
 
 
 24
 113 S.Ct. at 1112, slip op. at 7-8.
 
 
 25
 The district court's findings in the present case were not as elaborate as we would prefer, but we conclude that no reversible error occurred. The court used a shorthand expression for perjury, "testimony contrary to the truth," and determined that Rosiles' "testimony was not believable." Rosiles denied all knowledge of the drug deal and denied acting as a lookout. This testimony concerns material matters, and it is sufficiently clear to preclude the possibility of confusion, mistake or faulty memory. The record thus clearly demonstrates that "the jury must have found" that "the defendant told a material lie on the stand." Lozoya-Morales, 931 F.2d at 1219-20.
 
 
 26
 The judgment of the district court is AFFIRMED.
 
 
 27
 ---------------
 
 
 
 * Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit is sitting by designation.