28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Cecilia ACOSTA, Defendant-Appellant.
 No. 91-5335.
 United States Court of Appeals, Fourth Circuit.
 Submitted November 17, 1993.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-90-71)
 Walter A. Reynoso, Coconut Grove, Fla.; Arthur Joel Berger, Miami, Fla., for appellant.
 Margaret Currin, U.S. Atty., Gwynne L. Skinner, United States Department of Justice, Washington, D.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Maria Cecilia Acosta appeals her conviction of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993) and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988) and 18 U.S.C. Sec. 2 (1988). On appeal, she complains of the admission of evidence and the enhancement of her sentence for obstruction of justice. We affirm.
 
 
 2
 According to testimony during the Government's case in chief, Acosta rented a car in Miami in preparation for a trip to New York with her co-conspirator Ricardo Esle-Leon. They locked two pieces of luggage containing thirty kilograms of cocaine in the trunk of the rental car.
 
 
 3
 On the way to New York, while in North Carolina, Esle-Leon was pulled over for speeding. Acosta was in the back seat of the car. When asked, Esle-Leon presented his driver's license and the car rental agreement which was in Acosta's name. The address on the agreement was Caracas, Venezuela. Esle-Leon consented to the search of the vehicle and Acosta got out when Esle-Leon opened the trunk.
 
 
 4
 The bags inside the trunk were locked and the trooper asked for the keys. The trooper testified that Acosta had the keys on her person and handed them to him. The cocaine was found in ten kilograms and twenty kilogram bags. The trooper arrested Acosta and Esle-Leon. (Acosta's address book was found during the search incident to arrest.)
 
 
 5
 Esle-Leon cooperated with the Drug Enforcement Agency and proceeded to New York to assist in a controlled delivery. Esle-Leon went to a telephone booth and called a beeper number. During the course of the conversation, the person Esle-Leon called, later identified as Francisco Louis Aguilar, was apparently frightened that something had gone awry. References were made to "she" having stayed in town and the fact that Esle-Leon was alone. The controlled buy never took place. Aguilar was later arrested. A notebook with Acosta's name, her beeper number, and several business cards were found on his person.
 
 
 6
 During the Defendant's case, Esle-Leon testified that he had not told Acosta about the cocaine and that the "she" referred to in the conversation with Aguilar referred to the cocaine. Acosta testified that she was a hairstylist, that her business cards were given to clients for themselves and for other people. She rented the car to take Esle-Leon to a medical appointment in New York. She also stated the keys were in the car ashtray, not on her person when the trooper stopped Esle-Leon for speeding. On cross-examination, she stated that the Venezuelan address was placed on the car rental agreement to insure a cheap rate for the car. Acosta was found guilty by a jury.
 
 
 7
 Acosta asserts that the district court abused its discretion in permitting the Government to cross-examine her concerning the criminal record of three individuals whose names were found in her address book. The address book was admitted into evidence with no objection in the Government's case-in-chief.
 
 
 8
 On direct examination, Acosta testified that the information in her address book included names and numbers of her clients and acquaintances. Acosta explained the fact that Aguilar's number was included in her book by stating that he was a client and had told her to call him when she came to New York for references for more clients. On cross-examination, the Government asked whether Acosta knew of the criminal record of three individuals whose names appeared in her book. She denied knowledge of the drug trafficking arrests of those individuals.
 
 
 9
 Under Fed. Rule of Evid. 611(b), cross-examination "should be limited to the subject matter of the direct examination and matters affecting the credibility of witnesses." Here Acosta opened the door for a discussion on cross-examination of the contents of her address book and the nature of her relationship with the individuals whose names appeared there. The district court did not abuse its discretion in permitting this line of questioning. United States v. Hill, 766 F.2d 856 (4th Cir.), cert. denied, 474 U.S. 923 (1985); United States v. Atkinson, 512 F.2d 1235, 1238 (4th Cir.1975); United States v. Simpkins, 505 F.2d 562 (4th Cir.1974), cert. denied, 420 U.S. 946 (1975).
 
 
 10
 Acosta challenges the enhancement of her sentence for obstruction of justice. In United States v. Dunnigan, 61 U.S.L.W. 4180, 4184 (U.S.1993), the Supreme Court held that such an enhancement was not an unconstitutional burden on the defendant's right to testify in her own behalf. The Court found the enhancement provision part of the sentencing scheme designed to determine the appropriate type and extent of punishment after the issue of guilt has been resolved. Acosta's general challenge to the enhancement of her sentence has no merit.
 
 
 11
 The question in this case, however, is whether the district court made the independent finding necessary to establish an obstruction of justice. While separate and clear findings with respect to each element of perjury are preferred, a finding of obstruction of justice that encompasses all factual predicates for a finding of perjury will suffice. Dunnigan, 61 U.S.L.W. at 4183; see United States v. Burnette, 981 F.2d 874, 879 (6th Cir.1992); United States v. Lawrence, 972 F.2d 1580, 1583 (11th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993); United States v. Cunavelis, 969 F.2d 1419, 1423 (2d Cir.1992); United States v. Benson, 961 F.2d 707, 709 (8th Cir.1992); United States v. Lozoya-Morales, 931 F.2d 1216, 1218-19 (7th Cir.1991), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 12
 In this case, the district court made no explicit finding of perjury. It stated that the Defendant's objection to the obstruction of justice enhancement was overruled. The issue, however, was framed precisely. In the presentence report, the probation officer increased Acosta's offense level for obstruction of justice. The basis for the adjustment was her testimony that she did not know of the cocaine in the trunk and that she retrieved the luggage keys from inside the vehicle when the officer requested them. Acosta objected to the enhancement, denying that she committed perjury.
 
 
 13
 At the sentencing hearing, the issue was discussed at length. The Government argued that Acosta had concocted a false story; in taking it upon herself to testify, under oath, she obstructed justice. In addition to the examples noted in the probation report, the Government claimed that Acosta lied with respect to the car rental contract and ownership of a home.
 
 
 14
 The application notes to the guidelines providing examples of conduct which obstructs justice were identified. Note 1(c) states that testifying untruthfully constitutes obstruction. Acosta denied that this testimony was sufficient to enhance her offense category. At the close of the argument, the district court overruled the objection to the enhancement.
 
 
 15
 This ruling by the district court, in the context in which it occurred, is sufficient to show that a finding of perjury was made. The court's statement is sufficient to show that it accepted the disputed allegations and considered them. While the better practice would be to make explicit findings, the district court's ruling is sufficient. See United States v. Romulus, 949 F.2d 713 (4th Cir.1991) (remand unnecessary where defendant admitted intent to deceive), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 16
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED