**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Monroe Melvin HUSKY, Jr.,**
**Defendant–Appellant.**

**No. 90–7081.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1991.

Order Modifying Opinion in Part
April 17, 1991.

**224**

Cliff Price, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Frank M. Salter, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Appellant Monroe Melvin Husky, Jr. was convicted of raping and sodomizing a female correctional officer in his cell at the Federal Correctional Institute in Talladega, Alabama ("FCI Talladega"). At sentencing, the court enhanced appellant's offense level by two points under the Federal Sentencing Guidelines for perjury and obstruction of justice and ordered appellant to pay $500,000 in restitution to the victim. *See* Order of Restitution, Record Excerpts at 17.

In this appeal, appellant argues that the jury's verdict was against the great weight of the evidence and that the district court abused its discretion by enhancing his offense level and ordering him to pay restitution.

We reject without further discussion appellant's contention that the verdict was against the great weight of the evidence; thus, we affirm the conviction. In this opinion, we address only the two sentencing issues:

1. Whether the district court erred in enhancing appellant's sentence for obstruction of justice and perjury.

2. Whether a convicted defendant may be ordered to pay restitution to his victim to compensate for psychological and mental suffering from post-traumatic stress syndrome.

## DISCUSSION

1. *The Federal Sentencing Guidelines Issue*

Appellant argues that the district court abused its discretion in enhancing his sentence by two points under the Federal Sentencing Guidelines for perjury and obstruction of justice. Appellant asserts that the district court enhanced his sentence solely because the jury found against his version of the facts.

■ Under the Federal Sentencing Guidelines, a court may enhance a defendant's offense level by two points "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant case." Federal Sentencing Guidelines, § 3C1.1. A noninclusive list of examples of behavior that would warrant an adjustment includes "testifying untruthfully or suborning untruthful testimony concerning a material fact." Application Note 1(c), (e). The commentary to § 3C1.1 states that a defendant's sentence should be enhanced if the defendant "engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding...." Commentary to Section 3C1.1. A sentencing judge clearly has the authority to enhance a defendant's offense level if the judge makes an independent factual finding that the defendant willfully lied in trial testimony. *See United States v. Velasquez–Mercado,* 872 F.2d 632, 636 (5th Cir. 1989) (affirming district court's enhancement of defendant's sentence on the basis of obstruction of justice because district

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

court's finding that defendant lied to various officials in the course of an investigation was "not clearly erroneous"); *United States v. Jordan*, 890 F.2d 968, 973–74 (7th Cir.1989) (same).

■ We find that the district court did not rely solely upon the jury's findings to enhance appellant's sentence, but made an independent factual determination that appellant repeatedly lied during his trial testimony. At the sentencing hearing, the court stated:

> During the trial there was substantial testimony that was presented to the jury that would suggest some obstruction of justice prior to the trial by the defendant giving inaccurate or incomplete statements to investigating officers and things of that nature. That is not particularly offensive in the obstruction of justice category but what is particularly offensive in the obstruction of justice category is the *willful perjury during the course of the trial.* That does obstruct justice when a defendant takes the stand and blatantly, intentionally and willfully lies in material respects with regard to the offense charged so as to create additional problems for the jury, which is called here to decide where the truth is. That seems to me to be obstruction of justice.

R3. 327–28 (emphasis added). Although the district court noted an "absolutely one hundred and eighty degree difference between virtually every single thing this defendant said under oath and what the jury concluded," other statements by the court clarify that the court made its own determination of perjury:

> [Appellant] told a story and a significant story, meaning a lie, and it was deliberate and it seems that it would have— thank goodness [the jury] saw through it, but it seems to me that it would justify a level increase.

R3. 330.

We find that the district court made an independent finding that appellant willfully obstructed the administration of justice by testifying falsely. In addition, our review of the trial record convinces us that this finding was not an abuse of discretion. Thus, the district court did not abuse its discretion by ordering a two point increase in appellant's offense level under § 3C1.1 of the Federal Sentencing Guidelines.

### 2. *The Restitution Issue*

■ Appellant next argues that the district court did not have the authority to order him to pay restitution to compensate the victim for mental anguish.

Appellant contends that the district court erroneously based its restitution order upon the victim's mental suffering. In support of that proposition, appellant refers to the district court's findings of fact and conclusions of law at the sentencing hearing:

> [T]he court finds that ... among other injuries she received as a result of defendant's criminal assault, [the victim] sustained a post-traumatic stress disorder....
>
> While it's obviously quite difficult to place a dollar value on that injury, ... the court finds that the injury has a value well in excess of $500,000. The court orders the defendant to pay her under the Victim Restitution Act $500,-000 partially to compensate her for this injury and a judgment under the Victim Restitution Act in her favor and against the defendant will be entered.

Sentencing Hearing, Record Excerpts at 24. Appellant also points out that the government only requested restitution for the victim in the amount of $93.50, because the government had paid almost all of the victim's medical expenses. Appellant's brief at 26. Finally, appellant notes that the district court did not mention any additional expenses for which the victim would be entitled to restitution. *Id.* Thus, appellant concludes that the sole purpose of the vast majority of the restitution order was to compensate the victim for mental suffering and anguish. *See id.* at 26–27.

After a review of the sentencing hearing, we agree that the district court based the restitution order primarily upon an attempt to place a dollar value on the victim's suffering from post-traumatic stress disorder. Thus, the issue is whether the district court abused its discretion in ordering that relief. *See United States v. Casamento*, 887 F.2d 1141, 1177 (2d Cir.1989).

When a defendant is convicted of a crime for which restitution may be assessed, 18 U.S.C. § 3663(b)(2) permits courts to order a defendant to

(A) pay an amount equal to the cost of necessary medical services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) reimburse the victim for income lost by such victim as a result of such offense.

*See* 18 U.S.C.A. § 3663(b)(2)(A), (B), (C) [1] (1989 Supplemental Pamphlet). These provisions authorize restitution for the cost of medical treatment or other recognized forms of health care, for rehabilitative services, and for wages lost due to bodily injury. The list of compensable injuries does not include mental anguish or psychological disturbance.

In *United States v. Keith,* 754 F.2d 1388 (9th Cir.1985), the Ninth Circuit held that the list of compensable injuries in 18 U.S.C.A. § 3663(b)(2) is exclusive:

Unlike an award of damages in a civil action, a restitution order under the Act may compensate only for the kind of harms enumerated in [18 U.S.C. § 3663](b) ... and does not bar a subsequent civil action for damages based upon the same incident.

*See id.* at 1391 [2] (parenthetical original). In *United States v. Casamento,* 887 F.2d 1141 (2d Cir.1989), the Second Circuit also concluded that the list of compensable injuries is exclusive.[3] There, the Second Circuit wrote that "the court's otherwise broad discretion to determine the punishment to be imposed on a defendant is circumscribed by the sentencing limitations established by statute." *Id.* at 1177. The court also reasoned:

The language of [the restitution] provision sets forth in detail those costs incurred by a victim which may be used to calculate the amount of restitution. By taking pains to spell out which of the victim's costs could be used to calculate the amount of restitution, the Congress in drafting [section 3363(b)(2)] clearly evinced no intent to authorize the district court to compel a defendant to pay for other losses suffered by the defendant's victim....

*Id.* at 1178.

We agree with the Ninth Circuit in *Keith* and the Second Circuit in *Casamento.* Our research uncovered no cases, and the parties could cite none, which suggest that the list of compensable expenses in the restitution statute is anything other than exclusive.[4] The language of the statute itself suggests that the list is exclusive. We conclude that the district court did not have the authority to order the defendant to pay

---

**1.** 18 U.S.C. § 3579 (1985), under which appellant's restitution was ordered, was renumbered as 18 U.S.C. § 3663 (Supp.1990). This opinion will refer to the restitution provisions under their current designation.

**2.** Following the quoted passage, the *Keith* court actually adopted a rather broad approach to what expenses are eligible for restitution. In *Keith* the Ninth Circuit permitted a defendant to receive restitution to pay the air fare for her visit to her family following the assault with intent to rape for which the defendant had been convicted. The court reasoned that "[a] sentencing judge could easily find that the support and comfort of the family are important elements in the care and treatment of the psychological trauma caused by the kind of assault that resulted in Keith's conviction." *Keith,* 754 F.2d at 1393. Thus, the court did not expand the types of compensable injury, but held that the air fare fell within a recognized category in the

restitution statute, presumably "nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment." *See* 18 U.S.C.A. § 3663(b)(2)(A) (Supp.1989).

The broad analysis adopted in *Keith* does not affect our holding in the instant case, however, because we find that the district court's restitution order was intended solely to compensate the victim for her mental suffering and not to reimburse her for recognized forms of treatment for that injury.

**3.** In *Casamento,* the Second Circuit vacated an order that required a convicted drug dealer to pay restitution "to a fund which shall be utilized for the medical treatment, rehabilitation and restitution of persons injured by addiction to narcotics in the 1980's." *Casamento,* 887 F.2d at 1177.

**4.** 18 U.S.C.A. § 3664(a) and the sentencing guidelines provide that in determining whether

restitution to compensate the victim for mental anguish and suffering.

For the foregoing reasons, we affirm appellant's conviction but vacate his sentence and remand this case to the district court for resentencing in accordance with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.

### ORDER

April 17, 1991.

BY THE COURT:

Appellee's motion to modify part of opinion is GRANTED, so as to affirm the sentence imposed except that portion imposed under the Victim and Witness Protection Act, 18 U.S.C. § 3663(b)(2), which portion is VACATED.

to order restitution and the appropriate amount, if any, to be ordered, a court may consider "the amount of loss sustained by any victim as a result of the offense." *See* 18 U.S.C.A. § 3664(a) (1989 Supplementary Pamphlet); *Background Commentary*, § 5E1.1 of the Federal Sentencing Guidelines. Those provisions do not authorize restitution, however, for expenses not enumerated in the statute. 18 U.S.C.A. § 3664(a) expressly provides that it merely describes the procedure for issuing an order of restitution under the provisions of § 3663. *See* 18 U.S.C.A. § 3664(a) *and supra* note 1. Similarly, § 5E1.1 expressly provides that restitution "shall be ordered ... in accordance with 18 U.S.C. § 3663(d)." Thus, neither provision permits restitution to be ordered for losses sustained by a victim that are not included in § 3663.

The *Commentary* for § 5E1.1 also provides that "restitution may be appropriate in offenses not specifically referenced in 18 U.S.C. § 3663 where victims require relief more promptly than the civil justice system provides." This provision permits restitution to be ordered to compensate victims for the types of loss listed in § 3663 where the offense committed by the defendant was not referenced in the statute; it does not permit restitution for types of loss not listed in the statute where the offense committed by the defendant is expressly referenced in § 3663. Thus, this provision also fails to expand the exclusive list of reimbursable expenses under § 3663(d).