[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13782
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-20101-FAM-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

MARK WILLIAM UN,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 8, 2020)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Mark William Un appeals the 120-month sentence he received after a jury found him guilty of one count of importation of cocaine into the United States and one count of possession with intent to distribute a controlled substance. On appeal, Un presents three main arguments. First, he argues that the district court abused its discretion by refusing to allow his expert witness, Dr. Orozco, a psychologist, to testify about Un's mental illness at trial. Second, he argues that the district court erred when it applied a two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Third, he argues that his 120-month, above-guideline sentence is both procedurally and substantively unreasonable because the district court failed to consider his mental illness. We affirm.

## I

First, we consider Un's argument that the district court abused its discretion by not letting his expert witness, Dr. Orozco, testify on the subject of Un's mental health issues. We review a trial court's evidentiary rulings on the admission of an expert witness's testimony for an abuse of discretion. *United States v. Khan*, 794 F.3d 1288, 1297 (11th Cir. 2015). As to psychiatric testimony, we have held that Congress did not intend the Insanity Defense Reform Act to exclude the use of all psychiatric testimony to negate specific intent. *United States v. Cameron*, 907 F.2d 1051, 1065 (11th Cir. 1990). Instead, we concluded that the IDRA "meant to preclude only the use of 'non-insanity' psychiatric evidence that points toward

2

'exoneration or mitigation of an offense because of a defendant's supposed psychiatric compulsion or inability or failure to engage in normal reflection.'" *Id.* at 1066 (citation omitted). Psychiatric evidence that a defendant was incapable of forming the intent necessary for the crime charged isn't admissible because it doesn't negate specific intent. *Id.* But psychiatric evidence offered to negate specific intent is admissible when it focuses on the defendant's specific state of mind at the time of the crime. *Id.* at 1067 (citation omitted).

So, we distinguish between evidence that the defendant lacks the capacity to form *mens rea* and evidence that the defendant actually lacked *mens rea* at the time of the offense, with only the latter being admissible to negate the *mens rea* element of an offense. *United States v. Bates*, 960 F.3d 1278, 1288 (11th Cir. 2020). In *Bates*, for instance, we held that the district court did not abuse its discretion by excluding expert psychiatric testimony because the defendant failed to proffer the "link" between his mental illness and the likelihood that, at the time of the offense, he didn't know he was shooting at law enforcement officers. *Id.* at 1290.

So too here. Dr. Orozco proffered testimony didn't link Un's mental illness to his *mens rea* (or lack thereof) at the time of the crime. The "Summary of Testimony/Opinion and Basis" for Dr. Orozco said that she would "testify that she evaluated Mr. Un and determined through testing that

3

he suffers from a mental health disorder that influences his thought process, behavior, and emotions through delusions and paranoid ideations."  But we have said that "[t]he proper focus should be on the proffered link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case."  *Cameron*, 907 F.2d at 1067 n.31.  Neither in the telephonic hearing before the district court nor in his briefing before this Court has Un established a relationship between Dr. Orozco's proffered testimony and his *mens rea* at the time he brought a couple of kilograms of cocaine from Ecuador into the United States.  And whether he knew what he was doing at that time—not whether, as a general matter, Un had mental health issues—was the relevant question.  An expert in Dr. Orozco's position has to "provide the 'link' between [the defendant's] condition and the likelihood that, at the time of the offense, [the defendant] did not know he was" committing the crime at issue.  *Bates*, 960 F.3d at 1290.  Testimony to the effect that a defendant "suffers from a mental health disorder that influences his thought process, behavior, and emotions through delusions and paranoid ideations" is of a more general nature, and Un didn't link that general testimony to his state of mind at the time of the crime.

We've previously noted that district courts have "wide latitude in admitting or excluding psychiatric testimony on the question of a defendant's

4

incapacity to form specific intent," *Cameron*, 907 F.2d at 1061 (quoting *United States v. Twine*, 853 F.2d 676, 679 n.1 (9th Cir. 1988)), and that remains true today. Because the testimony, as proffered, failed to provide the necessary "link" to his specific state of mind at the time of the crime, we can't say the district court abused its discretion by excluding it. *Bates*, 960 F.3d at 1290; *see also Cameron*, 907 F.3d at 1067. Accordingly, we affirm Un's convictions.[1]

---

[1] Un also briefly contends that the exclusion of his expert's testimony violated his right to present a complete defense. *See, e.g.*, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") (citations and quotation marks omitted). Un doesn't seem to have raised this issue before the district court, so plain-error review likely applies, *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005), and Un may have abandoned the issue through inadequate briefing before this Court, *see United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). In any event, we have considered Un's complete-defense argument and find no constitutional infirmity in the district court's decision. "As the Supreme Court explained, 'the Constitution leaves to the judges who must make these [admissibility] decisions wide latitude to exclude evidence that . . . poses an undue risk of . . . confusion of the issues.'" *United States v. Mitrovic*, 890 F.3d 1217, 1226 (11th Cir. 2018) (quoting *Crane*, 476 U.S. at 689–90), *cert. denied*, 139 S. Ct. 267 (2018). That risk can be present where an expert's testimony concerning "psychiatric evidence . . . present[s] a dangerously confusing theory of defense more akin to justification and excuse than a legally acceptable theory of lack of *mens rea*." *United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990) (quotation marks omitted). We think the district court's ruling here reflects an awareness of the risk of that kind of confusion in this case. Moreover, the Supreme Court's complete-defense cases "have focused only on whether an evidentiary rule, *by its own terms*, violated a defendant's right to present evidence." *Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009) (emphasis added); *see, also, e.g.*, *Holmes v. South Carolina*, 547 U.S. 319, 324–26 (2006) (describing various "'arbitrary' rules, *i.e.*, rules that excluded important defense evidence but that did not serve any legitimate interests"). And Un's quarrel is not with a rule, but a ruling. Sound as that ruling was, we reject Un's invitation to declare it a violation of his right to a complete defense.

**II**

Now, we turn to the two-level sentencing enhancement for obstruction of justice. Pursuant to U.S.S.G. § 3C1.1A, a defendant's offense level can be enhanced by two levels if he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to an investigation, prosecution, or sentencing of his offense. *United States v. Guevara*, 894 F.3d 1301, 1311 (11th Cir. 2018). We review the district court's factual findings for clear error and its application of those facts to the sentencing guidelines *de novo*. *Id.* And we accord special deference to the district court's credibility determinations. *United States v. Banks*, 347 F.3d 1266, 1269 (11th Cir. 2003).

A defendant obstructs justice when he commits perjury, which is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Duperval*, 777 F.3d 1324, 1337 (11th Cir. 2015) (quotation marks omitted). Testimony is material where, if believed, it would tend to influence or affect the issue under determination. U.S.S.G. § 3C1.1, cmt. n.6. Typically, material testimony goes to the issue of the defendant's guilt. *See United States v. McKinley*, 732 F.3d 1291, 1298 (11th Cir. 2013). We accord deference to a district court's finding that the defendant committed perjury, as it tends to require "a

6

particularized assessment of the credibility or demeanor of the defendant." *United States v. Williams*, 340 F.3d 1231, 1241 (11th Cir. 2003).

A district court is not required to make specific findings identifying the materially false statements individually; it's enough for the district court to make a general finding of obstruction encompassing all the factual predicates of perjury. *Duperval*, 777 F.3d at 1337. The factual predicates for a finding of perjury include findings that the testimony was (1) under oath, (2) false, (3) material, and (4) given with the willful intent to provide false testimony. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002). A sentencing judge has the authority to enhance a defendant's offense level when the judge makes an independent finding that the defendant willfully lied during trial testimony. *United States v. Husky*, 924 F.2d 223, 224–25 (11th Cir. 1991) (holding that the district court's finding that the defendant "told a story . . . meaning a lie, and it was deliberate" was a sufficient independent finding); *see also United States v. Jones*, 32 F.3d 1512, 1520 (11th Cir. 1994) (holding that an obstruction enhancement was appropriate where a district court determined that the defendant's obstruction was "absolutely clear").

Here, the district court concluded that a two-level sentencing enhancement for obstruction of justice was proper because Un's testimony at trial was "simply not true." Though the district judge recognized that Un had "some issues having to do with delusion," he concluded that Un's "testimony during the trial was . . .

7

false." Addressing Un, the district judge said, "You did know what you were doing." So, the district court appeared to reason, Un's testimony—given under oath—about his "lack of knowledge" was false, and because Un's knowledge of his crime was front and center at trial, false testimony on the issue was obviously material. And the judge expressly said that this determination was his, "independent[] of the jury." That's "an independent factual determination that appellant repeatedly lied during his trial testimony," *Husky*, 924 F.2d at 225, and it supports the sentencing enhancement the district court chose.

As an appellate court, we recognize that we review a cold record, and "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). In light of the institutional advantage the district court enjoys in assessing the defendant's testimony, we give great deference to the district court's determination that the defendant committed perjury. *Williams*, 340 F.3d at 1241. And we conclude that the district court here did not clearly err by finding that Un had obstructed justice through false testimony because the district court made a sufficient independent finding that encompassed all factual predicates of perjury. *See Duperval*, 777 F.3d at 1337; *see also Husky*, 924 F.2d at 224.

8

## III

Next, we consider Un's arguments that his sentence was substantively and procedurally unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). When reviewing a sentence, we will first ensure that the district court committed no significant procedural errors, including failure to consider the 18 U.S.C. § 3553(a) factors. *Id.* at 51.

The district court is not required to state that it has evaluated each § 3553(a) factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). In the same vein, we have held that although a district court failed to state explicitly that it considered the § 3553(a) factors, the sentence it gave was nonetheless reasonable because the district court considered several of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). The district court's explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments. *Rita v. United States*, 551 U.S. 338, 356–58 (2007). In general, the further a sentence falls outside the guideline range, the more compelling a district court's explanation must be. *Gall*, 552 U.S. at 47, 50. That said, an "extraordinary" justification is not required for a sentence that is outside the guideline range. *Id.* at 47. We may not presume that a sentence outside

9

of the guidelines is unreasonable and generally must defer to the district court's decision that the § 3553(a) factors justified the extent of the variance. *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (*en banc*). The district court must explain the sentence with enough detail to show that it has considered the arguments of the parties and has a reasoned basis for its decision. *Rita*, 551 U.S. at 356.

If the district court's sentence is procedurally sound, then we will review the sentence's substantive reasonableness for an abuse of discretion. *Gall*, 552 U.S. at 51. We will vacate a sentence only if we are left with a definite and firm conviction that the district court clearly erred in its consideration of the § 3553(a) factors. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *Id.* A sentence that is well below the statutory maximum "points strongly to reasonableness." *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016). The burden rests on the party challenging the sentence to show that it is unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded to the sentencing court. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation omitted).

Un's sentence was not procedurally unreasonable. Un faults the district court for failing to "meaningfully consider" his mental illness and other mitigating

10

factors.  And Un contends that the district court "relied exclusively" on his prior arrest in Hong Kong for drug smuggling for his upward variance.  The record refutes both contentions.

For one thing, the district judge expressly considered Un's mental illness. "You obviously, in my opinion, have some issues having to do with delusion, . . . and that would normally be a mitigating circumstance."  In light of other considerations, the district judge didn't find that Un's mental illness to be a mitigating factor here—but whether that's right or wrong is separate from whether the district judge failed to consider it at all.  And the record shows the district court's upward variance wasn't based "exclusively" on Un's Hong Kong arrest. Instead, the judge said, "I'm going to . . . give a slight upward variance based upon that prior incident [in Hong Kong] and based upon the total lack of acceptance of responsibility."  Un hints that there's something improper about his lack of responsibility being taken into account in both the calculation of the guidelines range and in the decision to make an upward variance, but that isn't so.  *See United States v. Rodriguez,* 628 F.3d 1258, 1264 (11th Cir. 2010) ("[A] district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement.").

Next, Un faults the district court for not mentioning § 3553(a) or "stat[ing] that it considered *any* of the § 3553(a) factors."  But we have imposed no magic-

11

words requirement on district courts, and it's evident from the record that the district judge paid careful attention to several considerations—including Un's prior, similar uncharged conduct in Hong Kong, as well as his likelihood of recidivism and his failure to accept responsibility for his actions—that line up with § 3553(a) factors like the defendant's history and characteristics, the need to deter future criminal conduct, and the need to protect the public from the same. *See* 18 U.S.C. § 3553(a). In the past, we haven't required district courts to recite each and every factor to survive procedural-reasonableness review, *Dorman*, 488 F.3d at 944, and we won't do so in this case either. Un's sentence was procedurally reasonable.

It was reasonable in substance as well. We begin by noting that although the sentence was above the advisory guidelines range, it was far below the 40-year statutory maximum set by Congress. In the past, we have treated the fact that the sentence imposed was "well below the statutory maximum" as a telling sign of its substantive reasonableness, *Nagel*, 835 F.3d at 1377, and the 30-year gap between the sentence that Un received and the limit that Congress set suggests the same is true here. And the sentence was grounded in the various § 3553(a) factors that we've already mentioned. Whether we might have weighed them differently doesn't matter: "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Croteau*, 819 F.3d at 1309. We

12

therefore conclude that Un has failed to meet his burden to show that his sentence was unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded to the district court.  *See Rosales-Bruno*, 789 F.3d at 1256. Accordingly, we affirm Un's 120-month total sentence.

**AFFIRMED.**